UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| TORRANCE EGAN BLACK, | Case No. CV 20-11823-MCS (AS) |
| Petitioner, | **FINAL REPORT AND RECOMMENDATION** |
| v. | **OF A UNITED STATES MAGISTRATE** |
| JIM ROBERTSON, | **JUDGE** |
| Respondent. | |

This Final Report and Recommendation is submitted to the Honorable Mark C. Scarsi, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I. PROCEEDINGS**

On December 29, 2020, Torrance Egan Black ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241

1

("Petition"). (Dkt. No. 1).[1]

On January 28, 2021, Petitioner constructively filed a First Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (Dkt. No. 4),[2] which the Court construed as a First Amended Petition by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Amended Petition") (see Dkt No. 5 at 1-2).

The First Amended Petition asserts the following claims for federal habeas relief: (1) The trial court lacked jurisdiction to hear or try the case against Petitioner; (2) Petitioner was extradited from Michigan to California based on an unauthorized demand; and (3) Petitioner is not required to exhaust his state remedies on Grounds One and Two of the First Amended Petition

---

[1] The Petition and an attached Proof of Service by Mail were signed on December 29, 2020, and the Petition was filed with the Clerk of the Court on December 31, 2020.

A habeas petition is constructively filed on the date a prisoner presents his federal habeas petition to prison authorities for forwarding to the Clerk of the Court. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). The Court will consider December 29, 2020, the date on which the Petition and the attached Proof of Service by Mail were signed, as the filing date.

[2] The First Amended Petition and an attached Proof of Service by Mail were signed on January 28, 2021, and the First Amended Petition was filed with the Clerk of the Court on February 1, 2021. The Court will consider January 28, 2021, the date on which the First Amended Petition and the attached Proof of Service by Mail were signed, as the filing date.

2

because exhaustion would be futile. (First Amended Petition at 3-4 [3 pages]).[3]

On March 3, 2021, Respondent filed a Motion to Dismiss the First Amended Petition ("Motion to Dismiss")(Dkt. No. 8), contending that the First Amended Petition is time barred. (See Motion to Dismiss at 1, Memorandum of Points and Authorities ["Memorandum"] at 3-5).

On March 24, 2021, Petitioner filed an Opposition to the Motion to Dismiss ("Opposition"). (Dkt. No. 15).

On April 5, 2021, the Court issued a Report and Recommendation, recommending that the District Judge grant the Motion to Dismiss, deny the First Amended Petition, and dismiss this action with prejudice. (Dkt. No. 17). On April 23, 2021, Petitioner filed an Objection to the Report and Recommendation ("Objection"). (Dkt. No. 19).

This Final Report and Recommendation now issues.

For the reasons stated below, it is recommended that the First

---

[3] Since the extradition claim alleged in Ground Two of the First Amended Petition appears to correspond to the sole claim alleged in the Petition, (see Petition at 3-3(a) [2 pages]), the Court will use the constructive filing date of the Petition (December 29, 2020), in its analysis of the statute of limitations.

3

Amended Petition be DENIED and this action be DISMISSED with prejudice.

## II.   BACKGROUND

On August 14, 1998, Petitioner was convicted (pursuant to a plea) in Los Angeles County Superior Court, Case Number BA099731, of three counts of first degree murder in violation of California Penal Code ("P.C.") § 187(a) (Counts 1, 3 and 4), one count of attempted murder in violation of P.C. §§ 664/187(a) (Count 5), and one count of second degree robbery in violation of P.C. § 211 (Count 2), and admitted the special allegations that he committed multiple murders in violation of P.C. § 190.2(a)(3) and that he committed one of the murders during a robbery in violation of P.C. § 190.2(a)(17).  As part of the plea agreement, Petitioner also pleaded guilty to one count of first degree murder in violation of P.C. § 187, in San Bernardino County Superior Court, Case Number FWV16149.  (See Respondent's Notice of Lodging ["Lodgment"] No. 1 at 1,[4] No. 3 at 1, No. 5 at 13-17, No. 17 at 34-35; First Amended Petition at 2).

On August 20, 1998, the trial court in the San Bernardino County Superior Court case sentenced Petitioner, in accordance with the terms of the plea agreement, to state prison for 25 years to

---

[4]   The Court refers to page numbers of lodged documents using the ECF numbering system.

4

life on the first degree murder conviction. (See Lodgment No. 2 at 1-4, No. 3 at 2). On October 2, 1998, the trial court in the Los Angeles County Superior Court case sentenced Petitioner, in accordance with the terms of the plea agreement, to state prison for life without the possibility of parole on Counts 1,3 and 4, a concurrent term of 7 years on Count 5, and a concurrent term of 3 years on Count 2. (See Lodgment No. 1 at 4-7, No. 17 at 36-38; First Amended Petition at 2).

Petitioner did not appeal his convictions or sentence to the California Court of Appeal or the California Supreme Court. (See First Amended Petition at 2; http://appellatecases.courtinfo.ca.gov [last visited April 5, 2021]).

State Habeas Petitions

Petitioner filed the following state habeas petitions:[5]

On December 7, 2016, Petitioner filed a habeas petition with the Los Angeles County Superior Court, which, on January 27, 2017, denied the petition. (See Lodgment No. 1 at 3, No. 17 at 39-40).

---

[5] Since, as discussed *infra*, Petitioner did not file the habeas petitions within the limitations period, he is not entitled to the benefit of the "mailbox rule" in which a petition is deemed filed at the time it is delivered to prison authorities for forwarding to the Court. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Accordingly, the Court will consider the date on which these petitions were filed as the filing date.

On December 8, 2016, Petitioner filed a habeas petition with the San Bernardino County Superior Court, which, on January 10, 2017, denied the petition. (See Lodgment No. 4).

On December 3, 2019, and January 6, 2020, Petitioner filed a second habeas petition and a petition for dismissal pursuant to P.C. § 1385, respectively, with the Los Angeles County Superior Court. (See Lodgment Nos. 5-6). The Los Angeles County Superior Court denied both petitions on January 22, 2020, and January 23, 2020. (See Lodgment Nos. 7-8).

On December 9, 2019 (while Petitioner's second Los Angeles County Superior Court habeas petition was pending), Petitioner filed a second habeas petition with the San Bernardino County Superior Court, which denied the petition on January 31, 2020. (See Lodgment Nos. 9-11).

On January 7, 2020 (while Petitioner's second habeas petitions were pending in the Los Angeles County Superior Court and the San Bernardino County Superior Court), Petitioner filed a habeas petition with the California Court of Appeal, which denied the petition on January 13, 2020. (See Lodgment Nos. 12-14).

On January 10, 2020 (while Petitioner's first California Court of Appeal habeas petition was pending), Petitioner filed a second habeas petition with the California Court of Appeal, which denied

the petition on March 18, 2020. (See Lodgment Nos. 15-16, 18-19).

On January 17, 2020, January 24, 2020, and February 3, 2020, respectively (while Petitioner's second California Court of Appeal habeas petition was pending), Petitioner filed habeas petitions with the California Supreme Court, (see Lodgment Nos. 21, 23, 25), were denied on April 15, 2020. (See Lodgment No. 20, 22, 24).

On December 9, 2020, Petitioner filed a third habeas petition with the Los Angeles County Superior Court. (See Lodgment No. 1 at 3). According to Respondent, as of March 3, 2021, the Los Angeles County Superior Court had not yet ruled on the petition. (See Motion to Dismiss, Memorandum at 2).

On January 14, 2021 (after the instant Petition was filed), Petitioner filed a petition for resentencing pursuant to P.C. § 1170.95 in the Los Angeles County Superior Court. (See Lodgment No. 1 at 3). According to Respondent, a hearing on the petition for resentencing was scheduled for March 18, 2021. (See Motion to Dismiss, Memorandum at 2).[6]

As stated above, the Petition was constructively filed on December 29, 2020, and the First Amended Petition was

---

[6] The status of the petition for resentencing is not material to the Court's analysis of the statute of limitations and the timeliness of the Petition and the First Amended Petition before the Court.

7

constructively filed on January 28, 2021.

## III.  DISCUSSION

**1.  The Petition is Time Barred**

    A.  <u>The Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the Petition because it was filed after the statute's effective date of April 24, 1996.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).  Under AEDPA, state prisoners must file their federal habeas petitions within one-year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "AEDPA's one-year statute of limitations

in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). The limitations period is tolled when a prisoner properly files an application for state post-conviction review (statutory tolling) and may also be tolled during reasonable periods of time between such state habeas proceedings (gap tolling). 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

AEDPA's limitations period may also be tolled for equitable reasons "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A prisoner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Holland, 560 U.S. at 649. This is a highly fact-dependent determination. Spitsyn, 345 F.3d at 799.

B. **Petitioner Did Not File His Petition Within The Limitations Period**

As indicated above, a petitioner ordinarily has one-year from the date that the state court's judgment becomes final to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1). A case

9

becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Since Petitioner did not appeal his convictions or sentence to the California Court of Appeal or the California Supreme Court, Petitioner was unable to petition the United States Supreme Court for a writ of certiorari. See 28 U.S.C. §§ 1257 and 2101(d); Sup. Ct. R. 13.1. Thus, Petitioner's conviction became final on December 1, 1998, sixty days after he was sentenced in the Los Angeles County Superior Court on October 2, 1998. See Cal. Rules of Court, Rule 8.308(a); former Cal. Rules of Court, Rule 31(a); see also Caspari v. Bohlen, 510 U.S. 383, 390 (1994)("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely petition has been finally denied."). Therefore, the AEDPA one-year limitations period began to run on December 2, 1998 and, absent the application of an alternate start date under § 2244(d)(1),[7] or sufficient statutory or equitable tolling, the limitations period expired one year later, on December 1, 1999. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

---

[7] Since Petitioner does not allege the applicability of any circumstances that would delay the running of the statute of limitations (see 28 U.S.C. § 2244(d)(1)(B)-(D)), the Court will not address those provisions.

The instant Petition, constructively filed on December 29, 2020, was filed more than twenty-one years after the statute of limitations expired on December 2, 1999. Therefore, absent grounds for statutory or equitable tolling, the First Amended Petition is untimely.

### C. Petitioner Is Not Entitled To Statutory or Equitable Equitable Tolling

Petitioner is not entitled to statutory tolling during the pendency of his state habeas and other post-conviction petitions (see Lodgment No. 1 at 3, Nos. 4-16, No. 17 at 39-40, Nos. 18-25).[8] This is because a petition for state post-conviction or other collateral review filed *after* the conclusion of the limitations period cannot reinitiate the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)(filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)("[A] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

---

[8] In the Objection, Petitioner conclusorily asserts that he is entitled to statutory tolling (see Objection at 1, 6), but he does not provide any argument supporting his assertion.

The United States Supreme Court has recognized the availability of equitable tolling to the one-year statute of limitations in "extraordinary circumstances," such as those involving "serious instances of attorney misconduct." Holland, 560 U.S. at 649-52. The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Spitsyn, 345 F.3d at 799. The words "extraordinary" and "impossible" suggest the limited availability of this doctrine and, to date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[9] See Waldron-Ramsey v. Pacholke, 556 F.3d 1008,

---

[9] See e.g., Grant v. Swarthout, 862 F.3d 914, 925-26 (9th Cir. 2017)(equitable tolling warranted where prison officials failed to provide petitioner with a requested prison account certificate, a document the petitioner needed in order to file his habeas petition); Luna v. Kernan, 784 F.3d 640, 646-49 (9th Cir. 2015)(equitable tolling warranted where petitioner's counsel voluntarily dismissed petitioner's timely federal habeas petition for no good reason, misled petitioner to believe that a fully exhausted federal habeas petition would be filed "shortly" [without informing petitioner that the statute of limitations was going to run in three weeks]), and misled petitioner to believe - for more than six years - that his federal habeas petition was moving forward toward a hearing on the merits); Rudin v. Myles, 781 F.3d 1043, 1056-59 (9th Cir. 2015)(equitable tolling warranted where petitioner's first counsel abandoned petitioner by making minimal visits to petitioner and then stopping the visits, blocking petitioner's phone calls, not showing an intention at post-conviction hearings to actually represent petitioner, and failing to provide petitioner with reasons for counsel's delay; and where the state affirmatively misled petitioner into believing that the state court had excused petitioner's late filing and that the statute of limitations would be statutorily tolled); Gibbs v. LeGrand, 767 F.3d 879, 886-88 (9th Cir. 2014)(equitable tolling warranted where petitioner's counsel abandoned petitioner by failing to notify him of the state supreme court's denial of his

1011 (9th Cir. 2009)("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity."). A petitioner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Pace, 544 U.S. at 418. This is a highly fact-dependent determination. Spitsyn, 345 F.3d at 799. Petitioner bears the burden to prove equitable tolling. See Zepeda v. Walker, 581 F.3d 1018, 1019 (9th Cir. 2009). Petitioner must show that "'the extraordinary circumstances were the cause of his untimeliness ... and that the 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(citations omitted). Petitioner must show that an "external force" caused the untimeliness, rather than "oversight, miscalculation or negligence." Waldron-Ramsey, 556 F.3d at 1011 (citation omitted); see also Holland, 560 U.S. at 651-52.

In the Objection, Petitioner contends that he is entitled to equitable tolling based on the conduct of his attorney, Bernard J.

---

appeal of his state post-conviction petition until after the expiration of the statute of limitations, despite petitioner's repeated inquiries); Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2011)(equitable tolling warranted where petitioner's counsel failed to file federal habeas petition after making numerous promises to timely file, did not return petitioner's file until long after the statute of limitations had run, and petitioner was reasonably diligent in pursuing his rights); and Bills v. Clark, 628 F.3d 1092, 1098-1101 (9th Cir. 2010)(equitable tolling may be warranted where mental impairment so severe that petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence).

13

Rosen. Petitioner's contention is based on the following: (1) on October 2, 1998, (the date on which the Los Angeles County Superior Court sentenced Petitioner), his counsel prevented him from pursuing an appeal by telling Petitioner, in response to Petitioner's inquiry about filing an appeal, that he not have a right to appeal based on his plea; (2) Petitioner was misled about his ability to appear when, on November 12, 2019, (in response to a letter from Petitioner dated November 7, 2019), his counsel wrote Petitioner a letter stating that he was not able to assist Petitioner by providing an affidavit "pertaining to [a] colloquy of {petitioner's] request for an appeal back in 1998[]" because counsel did not have any colloquy with Petitioner at any time regarding a request for an appeal and there was no appeal "waiver" in the signed plea agreement (Objection, Exhibit "C"); and (3) after October 27, 1998, when Petitioner was extradited to Michigan, (where he remained incarcerated until June 4, 2019), his counsel "abandoned Petitioner by failing to notify him of any appeal deadlines or post-conviction remedies, despite Petitioner's inquiry." (See Objection at 1-4).

Here, Petitioner has not alleged any egregious or serious acts by his attorney that would entitle him to equitable tolling. See Holland, 560 U.S. at 652 (noting certain facts suggesting that the petitioner's counsel's actions may have amounted to more than simple negligence: "[Counsel] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of him doing so. [Counsel] apparently

14

did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. [Counsel] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And [counsel] failed to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters."); Gibbs v. LeGrand, 767 F.3d at 886, n.6 (counsel's failure to notify the petitioner of the state supreme court's denial of his appeal of his state post-conviction petition until after the expiration of the statute of limitations, and failure to communicate with the petitioner "over a period of years," despite the petitioner's repeated inquiries, was egregious conduct amounting to abandonment, and therefore constituted an "extraordinary circumstance"); Spitsyn, 345 F.3d at 800 ("We have not applied equitable tolling in non-capital cases where attorney negligence has caused the filing of a petition to be untimely."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)("We conclude that . . . [petitioner's counsel's] negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling.").

While Petitioner admits he was able to contact his counsel in 2011 and obtain his file materials, (see Objection at 4), Petitioner fails to allege why he did not file belated appeal pleadings and/or post-conviction pleadings at an earlier time. Petitioner also fails to allege how his counsel's likely conflict

15

with Petitioner's present petition for resentencing (see Objection at 4, Exhibit "E" [letter from Deputy Alternate Public Defender Sara Forrest to Petitioner dated January 27, 2021]) affected Petitioner's ability to file a federal habeas petition. Simply put, Petitioner has failed to show extraordinary circumstances beyond his control that made it impossible for him to file a timely federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)(equitable tolling not available where the petitioner failed to meet burden of showing a "causal connection" between the petitioner's self-representation and his inability to file a timely federal habeas petition).

Moreover, Petitioner's unsubstantiated contention that he is entitled to equitable tolling based on prison issues (i.e., the Michigan "prison law library failed to provide California law materials and forms and books," and the Michigan prison law library did not have computers until approximately 2010 or 2011, Objection at 2), is unavailing. Petitioner has failed to meet his burden of showing how those circumstances made it impossible for Petitioner to file a timely federal habeas petition. See id.; Pelaya v. Cate, 2011 WL 976771, *7 (C.D. Cal. Jan. 18, 2011)("[E]quitable tolling . . . is not warranted because of the petitioner's allegations of unspecified lockdowns, delays in obtaining relevant legal documents, or an inability to physically access a law library, as prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal petition.").

16

Similarly, any possible claim for equitable tolling based on Petitioner's lack of understanding of the law also fails. See Waldron-Ramsey, 556 F.3d at 1013 n.4 ("[We] have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

In an attempt to bypass the statute of limitations hurdle, Petitioner is claiming a "fundamental constitutional error exception," namely, when a trial court lacked jurisdiction over a criminal case. (See Opposition at 2-3). However, Petitioner has failed to cite, and the Court has been unable to locate, any authority supporting such an exception for a state prisoner.

Because Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling or that he is actually innocent,[10] the Court must find the First Amended Petition to be

---

[10] A petitioner may claim actual innocence in an attempt to bypass the statute of limitations hurdle. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."). Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to
(continued...)

untimely.

### IV.     RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and accepting this Final Report and Recommendation; (2) granting Respondent's Motion to Dismiss the First Amended Petition; (3) denying the First Amended Petition for Writ of Habeas Corpus; and (4) directing that judgment be entered dismissing this action with prejudice.

DATED:  April 28, 2021

                                                /s/
                                          ALKA SAGAR
                                 UNITED STATES MAGISTRATE JUDGE

---

[10](...continued) demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."). Here, Petitioner has not shown that the actual innocence exception to the statute of limitations applies to this case. (See Objection at 4-5). Moreover, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.").